**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Civil Action No.** _____ |
| *ex rel.* [UNDER SEAL], | **Hon.** _____ |
| Plaintiff, | **QUI TAM COMPLAINT** |
| v. | **FILED UNDER SEAL** |
| [UNDER SEAL], | **UNDER 31 U.S.C. § 3730(b)(2)** |
| Defendant. | **JURY TRIAL DEMANDED** |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* AIDAN FORSYTH,<br><br>Plaintiff-Relator,<br><br>v.<br><br>MWW GROUP LLC, d/b/a MIKEWORLDWIDE<br><br>Defendant. | Civil Action No. _____<br><br>Hon. _____<br><br>**QUI TAM COMPLAINT**<br><br>**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>**JURY TRIAL DEMANDED** |

On behalf of the United States of America (the "United States" or the "Government"), Plaintiff and Relator Aidan Forsyth ("Relator") files this *qui tam* action against Defendant MWW Group LLC d/b/a MikeWorldWide ("MWW" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action to recover treble damages, civil penalties and all other remedies on behalf of the United States of America in connection with the Defendant's materially false and fraudulent applications to the Government for loans under the Paycheck Protection Program ("PPP") in violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA").

2. Pursuant to the FCA, Relator seeks to recover, on behalf of the United States of America, damages and civil penalties arising from false or fraudulent claims for payment that Defendant submitted or caused to be submitted to the Federal Government-funded and/or subsidized PPP loan programs.

## SUMMARY OF ALLEGATIONS

3. Defendant MWW is a public relations firm based in New Jersey.

4. In or about 2017, MWW registered as a foreign agent to represent the Israel Ministry of Tourism.

5. In or about 2020 and 2021, MWW submitted Small Business Administration ("SBA") applications for PPP loans and received both an initial and a second-draw PPP loan.

6. In or about 2022, MWW sought and obtained forgiveness of the second-draw PPP loan.

7. In its application for the second-draw PPP loan, Defendant falsely stated and certified that it was not required to register as a foreign agent. Defendant also expressly acknowledged that this was a material question, and that submitting a materially false application would violate federal law.

8. In reliance on these false statements and certifications, a lender extended the second-draw PPP loan to MWW totaling over $2 million.

9. In further reliance on Defendant's false statements and certifications, the lender forgave the PPP loan, the reimbursement for which cost the United States over $2 million.

10. Relator files this *qui tam* lawsuit to enable the Government to recover from Defendant the SBA-guaranteed, granted and forgiven monies that were provided to Defendant as the result of its wrongdoing, as well as to recover treble damages and/or penalties.

## JURISDICTION, VENUE, AND SPECIAL REQUIREMENTS

11. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, under 31 U.S.C. § 3729 of the False Claims Act, and under 28 U.S.C. § 1345, which provides the United States District Courts with original jurisdiction over all civil actions commenced by the United States of America.

12. In addition, the FCA specifically confers jurisdiction upon the United States District Courts under 31 U.S.C. § 3732. This Court has personal jurisdiction over the Defendant

pursuant to 31 U.S.C. § 3732(a) because the Defendant transact business in this District, and because the PPP Loan application was prepared in, executed in, and/or submitted to the SBA from this District.

13. Venue is proper in this District under 31 U.S.C. § 3732(a) because certain of the acts complained of herein occurred in this District.

14. In accordance with 31 U.S.C. § 3730(b)(2), this Complaint has filed been filed *in camera* and will remain under seal for a period of at least 60 days and shall not be served on the Defendant until the Court so orders.

15. Pursuant to 31 U.S.C. § 3730(b)(2), the Relator must provide the Government with a copy of the Complaint and a written disclosure of substantially all material evidence and material information in his possession contemporaneous with the filing of the Complaint. Relator has complied with this provision by serving copies of the Complaint and such disclosure upon the Honorable Philip R. Sellinger, United States Attorney for the District of New Jersey, and upon the Honorable Merrick B. Garland, Attorney General of the United States.

16. Relator is not aware that the allegations in this Complaint have been publicly disclosed. Further, to the extent Relator is aware of any public disclosures, this Complaint is not based on such public disclosures. In any event, this Court has jurisdiction under 31 U.S.C. § 3730(e)(4) because the Relator is an "original source" since he has voluntarily provided his information to Government before filing this Complaint, and has knowledge which is both direct and independent of, and materially adds to, any public disclosures to the extent they may exist.

## PARTIES

17. Plaintiff/Relator Aidan Forsyth resides at 55 West 8th Street, New York, NY 10011.

18. Defendant MWW Group LLC, d/b/a MikeWorldWide, is a privately-held company incorporated in the State of New Jersey in or about 2011. Its principal place of business is located at 1 Meadowlands Plaza, East Rutherford, NJ 07073. MWW is a public relations firm.

## GOVERNING LAWS, REGULATIONS, AND CODES OF CONDUCT

**The False Claims Act**

19. Originally enacted in 1863, the FCA was substantially amended in 1986 by the False Claims Amendments Act. The 1986 amendments enhanced the Government's ability to recover losses sustained as a result of fraud against the United States. Further clarifying amendments were adopted in May 2009 and March 2010.

20. The FCA imposes liability upon any person who "knowingly presents, or causes to be presented [to the Government] a false or fraudulent claim for payment or approval"; or "knowingly makes, uses or causes to be made or used, a false record or statement material to a false or fraudulent claim"; or "knowingly makes, uses, or causes to be made or used, a false record or statement material to an obligation to pay or transmit money or property to the Government, or knowingly conceals or knowingly and improperly avoids or decreases an obligation to pay or transmit money or property to the Government." 31 U.S.C. § 3729(a)(1)(A), (B), (G). Any person found to have violated these provisions or conspired to have violated these provisions is liable for a civil penalty of at least $12,357.00 and up to $25,076.00 for each such false or fraudulent claim, plus three times the amount of the damages sustained by the Government. 31 U.S.C. § 3729(a), 20 CFR Part 356 and 28 CFR Part 85 (*see* 87 FR 27513, May 9, 2022).

21. The FCA defines the terms "knowing" and "knowingly" to mean that a person (1) "has actual knowledge of the information"; (2) "acts in deliberate ignorance of the truth or falsity

3

of the information"; or acts "in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1)(A). The statute provides that "no proof of specific intent to defraud" is required. 31 U.S.C. § 3729(b)(1)(B).

22. The FCA also broadly defines a "claim" as one that includes "any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that – (i) is presented to an officer, employee, or agent of the United States; or (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (i) provides or has provided any portion of the money or property requested or demanded; or (ii) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2)(A).

23. The FCA empowers private persons having information regarding a false or fraudulent claim against the Government to bring an action on behalf of the Government and to share in any recovery. The complaint must be filed under seal without service on any Defendant. The complaint remains under seal while the Government conducts an investigation of the allegations in the complaint and determines whether to intervene in the action. 31 U.S.C. § 3730(b).

24. In this action, and under well-established precedent, the false and fraudulent nature of Defendant's conduct is informed or measured by their violation of, or failure to comply with, certain statutes and regulations material to the submission of applications for government-subsidized and/or issued small business loans.

**The CARES Act Authorizes Paycheck Protection Program Loans and Economic Injury Disaster Loans and Grants**

25.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act (Pub. L. 116-136) (the "CARES Act" or the "Act") was enacted in March 2020 to provide emergency financial assistance to individuals and businesses affected by the COVID-19 pandemic. The Act provided the federal Small Business Administration ("SBA") with funding and authority to modify existing loan programs and establish a new loan program to assist small businesses adversely affected by the pandemic.

26.  Section 1102 of the CARES Act authorized the SBA to guarantee up to $349 billion in forgivable 7(a) loans to small businesses for job retention and other expenses. This program was called the Paycheck Protection Program ("PPP"). In April 2020, Congress authorized over $300 billion to additionally fund the PPP. In June 2020, the Paycheck Protection Program Flexibility Act of 2020 (Pub. L. 116-142) was enacted which changed certain provisions of the PPP, including provisions relating to the maturity of loans, the deferral of loan payments, and loan forgiveness.

27.  Under the PPP, eligible businesses could obtain *one* SBA-guaranteed PPP loan. Businesses were required to spend loan proceeds for employee compensation, rent or mortgage, and other specified expenses and, depending on their use of the loan proceeds, could qualify for loan forgiveness, up to the full amount of the loan.

28.  The SBA delegated authority to third-party lenders to underwrite and approve the PPP loans. To obtain a PPP loan, a qualifying business (through its authorized representative) signed and submitted a PPP loan application (SBA Form 2483) online through the lender's application platform. The PPP loan application (SBA Form 2483) required the business (through

its authorized representative) to acknowledge the PPP program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.

29. The borrower's authorized representative must certify, among other things, the business's average monthly payroll expenses and number of employees. This information is used to calculate the amount of money the business is eligible to be loaned. The applicant must also submit documentation showing payroll expenses, among other things.

30. PPP loan applications were processed by participating financial institutions, which served as the lenders. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, were transmitted by the lender to the SBA in the course of processing the loan. SBA paid processing fees to lenders.

31. Once a borrower submitted its PPP loan application (SBA Form 2483) to a Lender, the participating lender processed the PPP loan application. If a PPP loan application (SBA Form 2483) was approved by the participating lender, the lender submitted the application to SBA for an SBA loan number and after receiving that number it thereafter funded the PPP loan using its own monies, which were 100% guaranteed by the SBA.

32. A borrower was required to use PPP loan proceeds only for certain permissible expenses: payroll costs, interest on mortgages, rent and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expenses within a designated period (between eight and 24 weeks from receiving the proceeds) and uses at least 60% of the proceeds for payroll expenses.

33. To apply for a second PPP loan, known as a "second draw" loan, a borrower was required to prepare, certify and submit SBA Form 2483-SD.

34. Among other things, the applicant's authorized representative was required to certify that it was "not required to submit a registration statement under section 2 of the Foreign Agents Registration Act of 1938 (22 U.S.C. 612)."

35. The applicant's authorized representative was also required to acknowledge and certify:

> that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects. I understand that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000; under 15 U.S.C. 645 by imprisonment of not more than two years and/or a fine of not more than $5,000; and, if submitted to a federally insured institution, under 18 U.S.C. 1014 by imprisonment of not more than thirty years and/or a fine of not more than $1,000,000.

## SPECIFIC FRAUD ALLEGATIONS

### MWW was Required to Register as a Foreign Agent at the Time it Applied for its Second Draw PPP Loan

36. On or about August 3, 2015, MWW first registered under section 2 of the Foreign Agents Registration Act of 1938 (22 U.S.C. § 612). MWW submitted a Form NSD-1 stating that MWW would be providing services to "foreign principal" the Dominican Republic [*sic*].

37. On or about May 24, 2017, MWW submitted a Exhibit B to its Registration Statement (Form NSD-4), listing the Israel Ministry of Tourism ("IMT") as a new "foreign principal." It also attached an agreement dated September 1, 2016 for MWW to provide "Public Relation Services" [*sic*] to IMT.

38. Since 2017 and through 2022, MWW continued to submit supplemental registration statements due to its ongoing representation of IMT.

39. In or about April 2020, MWW applied for and received its first PPP Loan, in the amount of $3,268,875.74. On or about July 30, 2021, that loan was forgiven.

40. In or about February 2021, MWW applied for a second draw PPP Loan.

41. Upon information and belief, an authorized representative of MWW prepared an SBA Form 2483-SD, in which the representative falsely and fraudulently certified that MWW was "not required to submit a registration statement under section 2 of the Foreign Agents Registration Act of 1938 (22 U.S.C. 612).

42. The authorized representative further falsely certified "that the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects" and acknowledged the federal criminal penalties attendant to "knowingly making a false statement to obtain a guaranteed loan from SBA."

43. The authorized representative executed, dated and submitted the Form 2483-SD to Manufacturers and Traders Trust Company of Buffalo, New York (MTTC), an SBA participating lender.

44. On or about February 7, 2021, in reliance on MWW's materially false and fraudulent representations and certifications in the loan application, MTTC issued PPP loan #4851598402 in the amount of $2,022,136.99 (the "402 Loan").

45. On or about March 23, 2022, the 402 Loan was forgiven in full, causing the United States to reimburse MTTC for the full amount plus interest, costs and fees.

### THE GOVERNMENT HAS BEEN DAMAGED AS A RESULT OF DEFENDANT'S CONDUCT

46. Defendant's materially false statements have caused the federal government to be defrauded of taxpayer funds in the approximate amount of $2 million.

## CLAIMS FOR RELIEF

## COUNT I

False Claims Act:
Presenting or Causing to be Presented False and Fraudulent Claims
31 U.S.C. § 3729(a)(1)(A)

47. Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

48. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendant have knowingly presented, and caused to be presented, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A).

## COUNT II

False Claims Act:
Making or Using False
Records or Statement to Cause Claims to be Paid
31 U.S.C. § 3729(a)(1)(B)

49. Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

50. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendant have knowingly made, used, or caused to be made or used, false records or statements – *i.e.*, the false representations made or caused to be made by Defendant – material to false or fraudulent claims in violation of 31 U.S.C. § 3729(a)(1)(B).

## COUNT III

False Claims Act: Conspiracy
31 U.S.C. § 3729(a)(1)(C)

51. Relator repeats the allegations contained in the above paragraphs as if fully set forth herein.

52. As more particularly set forth in the foregoing paragraphs, by virtue of the acts alleged herein, the Defendant conspired with others to make or present false or fraudulent claims, and performed one or more overt acts to effect the submission and cause the payment of false or fraudulent claims.

## DEMANDS FOR RELIEF

**WHEREFORE**, Relator, on behalf of the United States Government, demands judgment against the Defendant, ordering that:

A. That Defendant be ordered to cease and desist from submitting any more false claims, or further violating 31 U.S.C. § 3729, *et seq.*;

B. That judgment be entered in Relator's favor and against Defendant in the amount of each and every false or fraudulent claim, multiplied as provided for in 31 U.S.C. § 3729(a), plus a civil penalty of not less than $12,357.00 or more than $25,076.00 per claim as provided by 31 U.S.C. § 3729(a), 20 CFR Part 356 and 28 CFR Part 85 (*see* 87 FR 27513, May 9, 2022), to the extent such multiplied penalties shall fairly compensate the United States of America for losses resulting from the various schemes undertaken by Defendant, together with penalties for specific claims to be identified at trial after full discovery;

C. That Defendant be ordered to disgorge all sums by which they have been enriched unjustly by their wrongful conduct;

D. That judgment be granted for Relator against Defendant for all costs, including, but not limited to, court costs, expert fees and all attorneys' fees incurred by Relator in the prosecution of this suit; and

E. That Relator be granted such other and further relief as the Court deems just and proper.

## TRIAL BY JURY

Relator hereby demands a trial by jury as to all issues.

DATE:   January 19, 2023

SPIRO HARRISON & NELSON

_____
Eric H. Jaso
363 Bloomfield Avenue
Suite 2C
Montclair, New Jersey 07042
(973) 232-0881
ejaso@shnlegal.com

*Attorneys for Relator*

11